United States District Court
Southern District of Texas
**ENTERED**
May 11, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| TOWNSEL MYERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00060 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>
## <u>OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Townsel Myers is an inmate in the custody of the Texas Department of Criminal Justice's Wayne Scott Unit, in Richmond, Texas. He filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking "dismissal" of his conviction. (Doc. No. 1, pp. 1, 7.) Having conducted the screening required by 28 U.S.C. § 1915A and the Rules Governing Section 2254 Cases, and for the reasons discussed below, the undersigned recommends that Petitioner's action be DISMISSED without prejudice to re-filing if Petitioner subsequently obtains proper authorization from the United States Court of Appeals for the Fifth Circuit.

> ***A. Background: Petitioner is convicted of murder. He files numerous challenges to his conviction, including at least three federal habeas actions.***

Petitioner's claim arises from his 1978 Texas state murder case, which was prosecuted in Nueces County, Texas. Texas' Thirteenth Court of Appeals summarized the facts in Petitioner's case:

> [T]he defendant, with two companions, drove his automobile to a
> convenience store.  As they approached the store, the defendant saw a green
> car in which the deceased was a passenger.  There was evidence that the
> deceased and the defendant had been involved in several violent
> altercations in the past.  As the defendant neared the green car, the deceased
> exhibited a pistol.  At the request of Charles Canada, a passenger in the
> defendant's car, the defendant stopped his car and Canada got out.  The
> defendant then proceeded to follow the green car.  When the defendant
> pulled his car alongside the green car he again saw the deceased holding a
> pistol.  The defendant then pointed a shotgun at the deceased and fired.
> The deceased was struck in the head and died shortly thereafter.

*Myers v. State*, 626 S.W.2d 86, 87 (Tex. App.-Corpus Christi 1981, no pet.).

After the Texas jury convicted him, Petitioner filed a direct appeal, which resulted in the affirmance of his conviction.  *Myers*, 626 S.W.2d at 89.  Petitioner did not seek discretionary review in the Texas Court of Criminal Appeals, so his conviction became final.  *See Myers v. Stephens*, No. 2:14-cv-00114, Doc. No. 64-2 (S.D. Tex. Aug. 21, 2014) (Texas Court of Criminal Appeals certificate attached as exhibit to motion for summary judgment, showing absence of petition for discretionary review).  Petitioner then filed an application for habeas relief in state court; the Texas Court of Criminal Appeals denied Petitioner's application, without a written order, on November 9, 1983.  *See Myers v. Stephens*, No. 2:14-cv-00114, Doc. No. 63-11, p. 2 (signed action on application for writ of habeas corpus, denying relief without written order).  Petitioner filed a second state habeas action; that action was denied too, on July 15, 1987.  *See Myers v. Stephens*, No. 2:14-cv-00114, Doc. No. 63-12, p. 2 (signed action on application for writ of habeas corpus, denying relief without hearing or written order).

Petitioner has filed three habeas actions in federal court related to his murder conviction; two were denied, and the third was dismissed.  *See Myers v. McCotter*, Civil Action No. C-86-66, Order Denying Petition for Writ of Habeas Corpus (S.D. Tex. Mar. 17, 1987) (relief denied); *Myers v. Lynaugh*, Civil Action No. C-87-178, Order Denying Petition for Writ of Habeas Corpus (S.D. Tex. June 16, 1989) (relief denied); *Myers v. Stephens*, No. 2:14-cv-00114, 2015 WL 500479 (S.D. Tex. Feb. 4, 2015) (dismissed as second or successive).  Petitioner contended in his most recent federal habeas action that he was acting in self-defense when he shot the victim.  *See Myers v. Stephens*, 2015 WL 500479, at *2.

### B.  Petitioner's current claim.

In this action, Petitioner contends again that he acted in self-defense when he shot the victim.  (Doc. No. 1, p. 6.)  He now adds, however, that "Tony Taylor want to recant his testimony to prove you acted out of self-defense."  *Id.* (verbatim).  Petitioner explains that Tony Taylor "saw whole incident but lied at trial.  Can you get his sworn affidavit. He live in Dallas, Tx., and want to recant his testimony."  (Doc. No. 1-2, p. 2.)  Petitioner apparently asks the Court itself to obtain some sort of evidence from Taylor recanting his trial testimony.  *See* Doc. No. 1-2, pp. 1, 2.  Taylor was a defense witness at Petitioner's murder trial.  *See Myers v. Stephens*, No. 2:14-cv-00114, Doc. No. 63-6, pp. 13-78 (Taylor's testimony during Petitioner's case-in-chief).  Petitioner does not elaborate on what testimony this defense witness purportedly wants to recant, or how that recantation would aid Petitioner's claim of self-defense.

### C.  Law.

"A claim presented in a second or successive habeas corpus application under [Title 28] section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Additionally, a claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>
>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application permitted by § 2244 is filed in the district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Thus, this Court lacks jurisdiction over Petitioner's habeas action if it is "second or successive," unless Petitioner has obtained authorization from the United States Court of

Appeals for the Fifth Circuit to file this action. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

An application for federal habeas relief which is filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b) "even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). Although the term "second or successive" is not defined in 28 U.S.C. § 2244 or elsewhere in the Antiterrorism and Effective Death Penalty Act, the Fifth Circuit has held that a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Claims based on a factual predicate that was not previously discoverable are nonetheless "successive." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009); *see also* 28 U.S.C. § 2244(b)(2)(B)(i) (requiring that factual predicate for claim raised in second or successive claim must not have been previously discoverable through exercise of due diligence).

Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Cases provide authority to summarily dismiss frivolous habeas petitions upon preliminary review and prior to any answer or pleading by the respondent. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

### D.  Analysis.

#### 1.  Petitioner's action is an unauthorized second or successive petition.  This Court lacks jurisdiction to entertain it.

Prior to this action, Petitioner filed at least three petitions seeking federal habeas relief from his Texas murder conviction – the same conviction he assails here.  The instant action is thus a second or successive habeas action, because it is a later-in-time petition that challenges the same judgment imposing the sentence as Petitioner's earlier-in-time petitions.  In the most recent of those actions, Petitioner contended that he was actually innocent of the crime because he acted in self-defense.  *See Myers v. Stephens*, 2015 WL 500479, at *2.

Because this action is second or successive, Petitioner was required to obtain authorization from the United States Court of Appeals for the Fifth Circuit before filing it in this Court.  Petitioner did not submit any evidence of such authorization with his action, and the Court's research unearthed no such authorization, either.  This Court should therefore determine that Petitioner's action is unauthorized second or successive petition.

#### 2.  This Court should dismiss Petitioner's action rather than transfer it to the Fifth Circuit: Petitioner has offered no evidence in support of his claim of actual innocence, and his claim is not cognizable in any event.

When confronted with an unauthorized second or successive federal habeas action, a reviewing court has two options.  First, the court can dismiss the action without prejudice, thereby allowing the petitioner to seek authorization for the action from the

appropriate appellate court.  *See* 28 U.S.C. § 2244(b).  Alternatively, the court can

transfer the second or successive action to the appellate court for a determination of

whether the petitioner should be allowed to file the second or successive action in the

district court.  *See* 28 U.S.C. § 2244(b)(3); *cf. In re Epps*, 127 F.3d 364, 365 (5th Cir.

1997).  Here, the appropriate path is dismissal without prejudice.

Petitioner's claim is that he is actually innocent of the murder for which he was

convicted, because (in his view) he acted in self-defense.  (Doc. No. 1, p. 6.)  Petitioner

believes the purportedly forthcoming recantation of testimony by defense witness Tony

Taylor vindicates his claim.  (Doc. No. 1-2, pp. 1-2.)  To assert a credible claim of actual

innocence, however, a prisoner must present "new reliable evidence" that was not

introduced at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Here, Petitioner has not

presented any evidence at all.  Instead, he merely contends that defense witness Tony

Taylor now desires to recant his testimony.  Petitioner offers no proof of any such desire

by Taylor, much less an affidavit or other evidence from Taylor disavowing his trial

testimony.  Petitioner further fails to hint at what testimony Taylor would recant, or to

explain why that recantation would establish that no reasonable factfinder would have

found Petitioner guilty of the charged crime.  *See* 28 U.S.C. § 2244(b)(2)(B)(ii).  Because

Petitioner has failed to present any evidence – much less "new reliable" evidence – his

claim of actual innocence fails.

Even if Petitioner had offered such evidence, however, he would not be entitled to

federal habeas relief.  In the Fifth Circuit, courts do not recognize actual innocence as a

standalone ground for federal habeas relief.  *See In re Will*, 970 F.3d 536, 540 n.4 (5th

Cir. 2020) (quoting *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) ("The Fifth

Circuit does not recognize freestanding claims of actual innocence on federal habeas

review.")); *see also Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006).  While

a claim of actual innocence may be used as a gateway to raise an otherwise procedurally

defaulted habeas claim, *see Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000),

actual innocence on its own is not a ground for federal habeas relief.  Here, Petitioner's

claim is strictly one of actual innocence, and is not tethered to any other alleged

constitutional violation.  Thus, Petitioner's claim is not cognizable on federal habeas

review.

Authorization for a second or successive habeas petition is not to be granted unless

the petitioner makes a *prima facie* showing that the action satisfies the requirements of §

2244(b).  28 U.S.C. § 2244(b)(3)(C).  Because Petitioner has presented neither argument

nor evidence indicating that he will be able to make a *prima facie* showing that his

application satisfies that standard, dismissal of this action without prejudice is the more

efficient and appropriate course of action than transfer to the Fifth Circuit.

### E.  The Court should deny a certificate of appealability.

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding unless a circuit justice or judge issues a certificate of appealability.  28

U.S.C. § 2253(c)(1)(A).  Rule 11 of the Rules Governing Section 2254 Cases requires a

district court to issue or deny a certificate of appealability when entering a final order that

is adverse to the petitioner.  A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This determination requires an overview of the claims in the petition and a general assessment of their merits.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The district court may deny a certificate of appealability without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Here, the undersigned is recommending that Petitioner's action be dismissed on procedural grounds.  To qualify for a certificate of appealability, then, Petitioner would need to show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, reasonable jurists would not find it debatable that Petitioner's action is a second or successive habeas petition.  Because Petitioner's asserted claim for habeas relief is not a cognizable ground for relief, reasonable jurists likewise would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Thus, the undersigned recommends denial of a certificate of appealability.

### F.  Conclusion and recommendation.

For the reasons stated above, the undersigned recommends that Petitioner's § 2254 action be DISMISSED without prejudice to his seeking authorization from the Fifth

Circuit to file this action in this Court.  The undersigned further recommends that the Court DENY a certificate of appealability.

### G.  Notice to parties.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **14 days** after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED on May 10, 2022.

MITCHEL NEUROCK
United States Magistrate Judge